IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHANTRELL TOLBERT, | ) | C/A No. 4:05-cv-1105-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| MATTHEW HAMIDULLAH, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Shantrell Tolbert, ("petitioner/Tolbert"), is an inmate in the custody of the Federal Correctional Institution (FCI). Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on April 4, 2005. Respondent filed a motion to dismiss or in the alternative a motion for summary judgment on August 5, 2005, along with supporting memorandum. The undersigned issued an order filed August 8, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On September 12, 2005, petitioner filed a response to respondent's motion for summary judgment. (Document # 6).

## I. PROCEDURAL HISTORY

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

The procedural history as set forth by respondent in his memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondent.

The petitioner in this action was sentenced on November 20, 1995, to a total term of two hundred eleven months (211) months incarceration, in the United States District Court for the Eastern District of Tennessee, for the offenses of Conspiracy to Commit Armed Carjacking (18 U.S.C. § 371), Armed Carjacking (18 U.S.C. § 2119(1)), and Using and Carrying a Firearm During a Crime of Violence (18 U.S.C. § 924(c). Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) Estill, South Carolina, and has a projected satisfaction date of August 22, 2009, via Good Conduct Time (GCT) Release.

## II.  ANALYSIS

In the instant petition, petitioner alleges the BOP has incorrectly calculated his Good Conduct Time (GCT) credits under 18 U.S.C. § 3624(b).  Specifically, petitioner maintains that the text of § 3624(b) requires the BOP to award him up to 54 days GCT for each year of imprisonment (i.e., the actual term of imprisonment imposed) as opposed to the BOP's method of awarding GCT based upon the time actually served on the sentence imposed.  Thus, petitioner asserts that the Court should order the BOP to recalculate his GCT based upon his interpretation.

As relief, petitioner requests the Court to find the BOP's interpretation of § 3624(b) and method of calculating GCT erroneous, and order the BOP to recalculate his GCT based upon his interpretation.

The issue in GCT cases is whether Congress intended that prisoners receive time credits for good conduct based upon <u>the total sentence</u> or <u>the time actually served</u>. The statutory language is found in 18 U.S.C. § 3624(b)("Credit toward service of sentence for satisfactory behavior"):

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Implementing the statute under 28 C.F.R. § 523.20, the FBOP adopted Program Statement (PS) 5880.28, under which GCT is computed and credited at the end of each anniversary year. Few prison sentences are imposed in twelve month units. Therefore, FBOP pro-rates GCT on a daily basis. The maximum annual GCT (54 days) is divided by 366 (one year and one day, reflecting the minimum sentence in the statute). The result is a co-efficient of 0.148. Thus, one day of satisfactory behavior equals 0.148 day of GCT. Therefore seven (7) days of satisfactory behavior are required to earn a full day of GCT (actually, 1.036 day).

Critics of PS 5880.28 argue that application of this coefficient precludes the actual award of a full 54 days of credit for any prisoner in any year.[2] A model prisoner can earn 54 GCT days in a

---

[2] For a complete version of this argument, see Stephen R. Sady, *Misinterpretation of the Federal Good Time Statute Costs Prisoners Seven Days Every Year* CHAMPION (Sept-Oct. 2002). The article can be accessed on WESTLAW at 26-OCT CHAMP 12.

365 day period of imprisonment. Apportioning those days at the end of the anniversary year yields the following: 311 days served on the actual sentence + 54 GCT days = 365 days. When the 311 days served on the sentence are multiplied by the 0.148 coefficient, the result is 45.6 or 46 GCT days. FBOP therefore holds that the correct GCT award for a perfect year is not 54 days but a range between 46 and 54 days. For all practical purposes FBOP settles on 47 days in most cases. The debate over PS 5880.28 essentially concerns the FBOP use of "time served" rather than "sentence imposed" in applying the statutory phrase "term of imprisonment." The petitioner makes this argument.

Challenges to PS 5880.28 have been launched in United States District Courts across the nation in recent years. In Pacheco-Camacho v. Hood, 272 F. 3d 1266 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit was the first of the circuit courts to address the issue. Pacheco-Camacho held that the phrase "term of imprisonment" in § 3624 was ambiguous. Finding that PS 5880.28 was a reasonable and valid agency interpretation of an ambiguous statute, the Court deferred to the FBOP and upheld the GCT policy.

Other Circuits have followed. See Sample v. Morrison, 406 F. 3rd 310, (5th Cir. 2005.)(originally an unpublished opinion); O'Donald v. Johns, 402 F. 3d 172, (3rd Cir. 2005); Perez-Olivio v. Chavez, 394 F. 3d 49 (1st Cir. 2005); White v. Scibana, 390 F.3rd 997 (7th Cir. 2004). The Eighth Circuit issued an unpublished opinion on March 24, 2005, adopting the then-emerging consensus that the BOP GCT policy is proper. James v. Outlaw, 126 Fed Appx. 758 (8th Cir. 2005).

On June 17, 2005, the Fourth Circuit joined the majority of circuits rejecting these challenges. See Yi v. FBOP, et al, 412 F 3d 526 (4th Cir. 2005). The sole issue presented in this § 2241 petition has, therefore, been foreclosed by controlling precedent in this Circuit.[3]

### III. CONCLUSION

Accordingly, it is recommended that respondent's motion for summary judgment (document # 4) be **GRANTED** on the merits and this petition be dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 30, 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] In his response to the motion for summary judgment, petitioner argued that he should be entitled to the rule of lenity. However, the 4th Circuit in the case of Yi v. FBOP, et al, 412 F 3d 526 (4th Cir. 2005), held the following with respect to lenity:
> [D]eference trumps lenity when courts are called upon to resolve disputes about ambiguous statutory language, at least where the agency interpreting the criminal statute is: (1) responsible for administering the statute; and (2) that agency has promulgated its interpretation pursuant to the notice and comment provisions of the Administrative Procedure Act.

*Sash v. Zenk,* 344 F.Supp.2d 376, 383 (E.D.N.Y.2004). Thus, the rule of lenity does not require that we adopt Yi's interpretation of 18 U.S.C. § 3624(b).

4:05-cv-01105-CMC     Date Filed 11/30/05     Entry Number 7     Page 5 of 6

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
